No. 40,047

C. A. Tischhauser, doing business as The Tischhauser Realty, *Appellant*, v. Frank T. Little, *Appellee.*

(296 P. 2d 1118)

Opinion filed May 5, 1956.

*Grey Dresie,* of Wichita, argued the cause, and *J. Paul Jorgensen,* of Wichita, and *Russ B. Anderson,* and *Archie F. MacDonald,* both of McPherson, were with him on the briefs for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover a commission for the sale of real estate. The plaintiff appeals from an adverse judgment.

The pleadings are not involved. For that reason all that need be said regarding them is that they join issue on the question whether the plaintiff, Christine A. Tischhauser, doing business as Tischhauser Realty, of Wichita, was entitled to recover a real estate broker's commission from the defendant, Frank T. Little, who, on February 19, 1954, consummated a sale of his tourist court and/or motel, located in McPherson County and known as the Little Motel, to purchasers theretofore contacted by the plaintiff in her capacity as a real estate broker.

With issues joined as heretofore related the cause was tried by a jury which returned a general verdict for the defendant along with its answers to certain submitted special questions. Plaintiff then filed a motion to set aside some of the answers to the special questions, a motion for judgment *non obstante* and a motion for a new trial. These motions were all overruled by the trial court which then approved the verdict and rendered judgment against the plaintiff and in favor of the defendant for costs. This appeal,

wherein the defendant failed to appear or defend the judgment, followed.

The first error assigned is that the court erred in permitting the appellee to introduce incompetent, irrelevant, immaterial and prejudicial evidence over appellant's objection.

In support of her position with respect to the foregoing claim of error appellant points out, as we find the record presented discloses, that under issues joined by the pleadings as to whether appellant procured a buyer for the property in question as appellee's agent; whether such persons purchased the property; and whether appellant was the procuring cause of the sale thereof, the trial court permitted the appellee, who had previously admitted having listed the property for sale long prior to its sale, to testify at length respecting the state of his health and financial condition at the time of the sale, over objections made to that evidence as heretofore indicated.

Under conditions and circumstances such as have been heretofore related we have little difficulty in concluding there was nothing in the evidence complained of which tended to prove or disprove the issues joined by the pleadings. Neither do we have trouble in concluding that its admission appears to have prejudically affected the substantial rights of the appellant and requires the granting of a new trial. Indeed for all we know, since he has made no appearance and has not attempted to defend the judgment, appellee may be conceding the trial court's action in admitting such evidence was erroneous and compels that conclusion.

Numerous other errors are assigned as grounds for reversal of the judgment. One of these, to the effect it was error to overrule the motion for judgment *non obstante,* lacks merit and cannot be upheld. All others challenge the propriety of the ruling on the motion for a new trial and, even if they were to be sustained, could afford appellant no greater relief than that already granted; hence they will not be considered or discussed.

The judgment is reversed with directions to grant a new trial.